Belknap
No. 89-056

GEORGE T. ALLEN *& a.*

v.

THE STATE OF NEW HAMPSHIRE, WETLANDS BOARD

July 13, 1990

*Law Offices of David J. KillKelley P.C.*, of Laconia (*David J. KillKelley* on the brief and orally), for the plaintiffs.

*John P. Arnold*, attorney general (*Charles B. Holtman*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J.  The defendant, the New Hampshire Wetlands Board (the board), appeals from a ruling of the Superior Court (*O'Neil*, J.), exercising jurisdiction pursuant to RSA 677:4, reversing an order of the board which had imposed an administrative fine in the amount of $1,400 and rejecting the State's counterclaims seeking a civil penalty in the amount of $5,000 and removal of the plaintiffs' retaining wall. For the following reasons, we reverse and remand.

In 1983 the plaintiffs, George T. Allen and Susan A. Allen, purchased a parcel of land located on Lake Winnipesaukee in the town of Meredith. In the year that followed the purchase of the lot, they completed construction of a vacation home on the property. In October 1985, the plaintiffs decided to build a retaining wall in an effort to stem the continual erosion of beach sand from their property into the lake. The plaintiffs sought permits to construct the wall from both the Town of Meredith (the town) and the board. In accordance with the filing requirements, the plaintiffs provided both the town and the board with a plan depicting the shoreline of their property and the location of the proposed wall. On November 12, 1985, the board granted the plaintiffs a permit to construct a granite block retaining wall one hundred feet in length by four-and-one-half feet in height, with the specific condition that it was "not to be located beyond high water mark or below elevation of 504.32 MSL." It appears that the thrust of these conditions was to preclude the plaintiffs from either constructing the retaining wall in the lake when its level was high or from locating the wall on property held by the State in trust for public use. *See State v. Stafford Co.*, 99 N.H. 92, 96–97, 105 A.2d 569, 572 (1954). (Great ponds are held by the State in trust for public use. The State owns the bed of great ponds up to their natural mean high water mark, which in Lake Winnipesaukee is 504.32 MSL.)

Construction of the retaining wall began in January 1986, and was substantially complete in May of the same year. On May 13, 1986, a representative of the board inspected the retaining wall to insure that it was built in compliance with the specific conditions of the permit. This inspection revealed an apparent violation of the permit's conditions in that the retaining wall projected eighteen inches below the water line when the lake level was 504.08 MSL. Based upon this information, the board held a hearing on April 21, 1987, pursuant to RSA 483-A:5-a (Supp. 1989 No. 1) to consider whether or not such a violation had occurred and whether or not an administrative fine was in order. On May 26, 1987, the board concluded that the plaintiffs had in fact violated the provisions of the permit by con-

structing the retaining wall below the natural mean high water mark and by exceeding the permit's restrictions pertaining to the wall's height. (The retaining wall "as built" was seventy feet in length by approximately seven feet in height, paralleling the shoreline with a slight arc that projected out into the lake.) By letter dated May 27, 1987, the plaintiffs were informed that the board had found them in violation of the permit and that an administrative fine in the amount of $1,400 was being imposed.

On June 15, 1987, in response to the board's imposition of the administrative fine, the plaintiffs filed an application for rehearing pursuant to RSA 541:3. The board subsequently denied the plaintiffs' application on June 23, 1987, and sent them notification of its decision by letter dated August 13, 1987. Upon receiving notification of the board's denial of their application for rehearing, the plaintiffs, on August 28, 1987, filed a petition in superior court pursuant to RSA 677:4 requesting that the administrative fine imposed by the board be declared null and void. In answer to the plaintiffs' petition, the board sought: (1) to have the plaintiffs' petition dismissed with prejudice because the superior court lacked subject matter jurisdiction, and (2), by counterclaim, to have the court order the removal of the retaining wall and the imposition of a civil penalty in the amount of $5,000 against the plaintiffs, pursuant to RSA 483-A:5 and RSA 483-A:6, respectively. Effective January 1, 1990, the provisions of RSA chapter 483-A were recodified as RSA chapter 482-A. We will refer to these statutes as designated at the time of the proceedings below and prior to January 1, 1990.

At trial, the court concluded that the board's findings were unreasonable, and it reversed the imposition of the $1,400 administrative fine. Further, the trial court implicitly denied recovery to the board on its counterclaims. It is from these rulings that the board now appeals.

RSA 483-A:5-a (Supp. 1989 No. 1) provides that appeals of administrative fines shall be governed by RSA chapter 541. Our jurisdiction over such appeals is exclusive. RSA 541:6; RSA 541:22. In addition, RSA 483-A:5-a (Supp. 1989 No. 1) provides that notice and hearing prior to the imposition of an administrative fine shall be governed by the procedural requirements of RSA chapter 541-A. In this case, it is undisputed that the plaintiffs received a full adjudicatory hearing with sufficient procedural safeguards to insure a just and fair result. *See* RSA 541-A:16 (Supp. 1989). However, rather than appeal to this court as required by RSA 483-A:5-a (Supp. 1989 No. 1),

the plaintiffs sought *de novo* review pursuant to RSA 677:4. While RSA 483-A:4, I (Supp. 1989 No. 1) provides that "[a]ny party to or participating in the action or proceeding before the board may . . . appeal to superior court . . . under the same procedure as is provided for appeals in RSA 677:2–14, inclusive," the language "action or proceeding" refers to matters before the board that are disposed of either by administrative rule without a hearing, or by hearing conducted pursuant to RSA 483-A:2.

■ In recognizing that the board is statutorily required to conduct two different forms of hearings, one under RSA 541-A:16 (Supp. 1989) and one under RSA 483-A:2, we find that in the case where the hearing is conducted pursuant to RSA 483-A:2, a *de novo* appeal to the superior court is proper. However, where, as here, a full adjudicatory hearing has been conducted under the procedural requirements of RSA chapter 541-A (Supp. 1989), an appeal to the superior court not only is statutorily impermissible, but serves no purpose other than to give the parties another opportunity to litigate the facts. Accordingly, we hold that the superior court has no jurisdiction under RSA 677:4 to hear appeals directly or collaterally attacking the imposition of an administrative fine under RSA 483-A:5-a (Supp. 1989 No. 1).

■ With regard to an appeal to this court, pursuant to RSA 483-A:5-a (Supp. 1989 No. 1), of the board's imposition of the $1,400 administrative fine, we have held in *LaCroix v. Mountain*, 116 N.H. 545, 546, 366 A.2d 486, 486 (1976) that an appeal under RSA 541:6 must be filed within thirty days of the decision denying a petition for rehearing. Even if we were to modify the rule in *LaCroix* in cases such as this, giving the plaintiffs thirty days from the date of notification of denial of their petition for rehearing in which to file their appeal under RSA 541:6, the plaintiffs nonetheless did not file their appeal in this court within that time period. Thus, the order of the board imposing the $1,400 administrative fine must stand. In so holding as we do today with regard to the $1,400 administrative fine, we do not reach the issue of whether or not the board preserved its argument as to the sufficiency of evidence supporting the trial court's decision.

■ Unlike the plaintiffs' appeal of the administrative fine, the board's counterclaims were properly before the superior court. RSA 483-A:5 provides that "[w]hoever violates any provision of this chapter, whether or not he is the owner of the land in question, *shall* be

liable for the removal of fill, spoil or structure placed in violation hereof . . . ." (Emphasis added.) Pursuant to this statute, the attorney general sought removal of the plaintiffs' retaining wall due to the violation of the permit's requirements. The language of RSA 483-A:5 provides that the fill, spoil or structure shall be removed. The presence of the word "shall" acts as a command that, in the absence of legislative intent to the contrary, gives the court no discretion in fashioning a remedy. *Appeal of Concord Natural Gas Corp.*, 121 N.H. 685, 691, 433 A.2d 1291, 1295 (1981).

 ■  At trial, the court found that the plaintiffs made no effort to ascertain the elevation of the lake prior to the commencement of construction of the retaining wall. Further, the trial court found that the base of the wall was located at an elevation of 502.4 MSL and that it encroached into the lake beyond the high water mark. However, the trial court, finding that the board's decision was unreasonable, failed to require the removal of the wall. Based upon the aforementioned findings of the trial court, it is clear that the plaintiffs violated the terms of the permit. Accordingly, we hold that the court erred as a matter of law in failing to find in favor of the board on its counterclaim seeking the removal of the plaintiffs' retaining wall.

The final issue before us is whether the trial court erred in denying the board's counterclaim for $5,000 in civil penalties. RSA 483-A:6 provides, in pertinent part:

"Failure, neglect or refusal to obey a lawful order of the wetlands board relative to activities regulated or prohibited by this chapter . . . shall be deemed [a] violation[ ] of this chapter. The court *may*, upon separate petition of the attorney general, or in connection with a petition for equity relief, levy upon any person who violates any provision of this chapter . . . a civil penalty in an amount not to exceed $5,000."

(Emphasis added.)

 ■■  The presence of the word "may" indicates that the court is clothed with the discretion to determine whether or not the civil penalty is in order. The trial court, upon finding that the plaintiffs had not acted in bad faith, imposed no fine. In relying upon the absence of bad faith, however, the court committed error. Upon remand, the trial court should exercise discretion in accordance with RSA

483-A:6 in determining what fine, if any, should be imposed. Furthermore, we reject the plaintiffs' request for sanctions because the board's conduct cannot be "characterized as unreasonably obdurate or obstinate." *Harkeem v. Adams*, 117 N.H. 687, 691, 377 A.2d 617, 619 (1977).

*Reversed and remanded for further orders consistent with this opinion.*

HORTON, J., did not sit; the others concurred.