Original
No. 2000-744

PETITION OF STACEY PERKINS

(New Hampshire Commission for Human Rights)

Argued: February 6, 2002
Opinion Issued: May 6, 2002

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Linda S. Johnson* and *Rachel A. Hampe* on the brief, and *Ms. Johnson* orally), for the petitioner.

*Hamilton Law Offices*, of Salem (*Joseph L. Hamilton* on the brief and orally), for the respondent.

DALIANIS, J. The petitioner, Stacey Perkins, filed a petition for writ of certiorari challenging the New Hampshire Commission for Human Rights' (commission) dismissal on procedural grounds of her discrimination complaint against the Londonderry Basketball Club. *See* RSA 354-A:16, :17 (Supp. 2001). We affirm.

The relevant facts follow. In 1998, the petitioner was a ten-year-old fifth grader and a member of Seabrook's co-ed recreational basketball team. In March 1998, she was one of two girls chosen to play on Seabrook's all-star team. The tenth annual Londonderry boys' basketball tournament, sponsored by the Londonderry Basketball Club (club), was among the tournaments that the team entered. Pursuant to its policy of offering "separate but equal" tournaments for boys and girls, the club notified Seabrook's coach that it would not allow girls to play in the boys' tournament.

While the tournament was taking place, the petitioner, through her mother, contacted the commission, hoping to obtain a temporary injunction to force the club to allow girls to play. During an informal conversation with the petitioner's attorney, the commission's then-executive director indicated that the commission could not move forward on the case because its rules required the attorney general's office to seek temporary injunctive relief on the petitioner's behalf, and the attorney general declined to do so. *See* N.H. ADMIN. RULES, Hum 213.01.

The petitioner then filed an action for injunctive relief and damages in the United States District Court for the District of New Hampshire, alleging both State and federal claims, including a claim under the State public accommodations statute. *See* RSA 354-A:16, :17. Ultimately, Seabrook's coach withdrew the team from the tournament, making the petitioner's request for injunctive relief moot. She proceeded, however, with her suit for damages. The court granted the club's motion for summary judgment as to the federal claims and dismissed the supplemental State law claims without prejudice. The First Circuit Court of Appeals affirmed the decision. *See Perkins v. Londonderry Basketball Club*, 196 F.3d 13 (1st Cir. 1999).

In September 1998, the petitioner filed a charge of discrimination with the commission alleging sex discrimination in a public accommodation. *See* RSA 354-A:17. In July 2000, Commissioner Richard Hesse dismissed the case because the petitioner had first filed an action in federal court and therefore was precluded, pursuant to RSA 354-A:25 (1995), from seeking recourse with the commission. The petitioner filed a timely motion for reconsideration, which was denied. This petition for certiorari followed.

Because there is no statutory provision for appellate review of the commissioner's dismissal of the discrimination charge, *see Dow v. Sears*,

*Roebuck & Co.*, 143 N.H. 166, 168 (1998), a petition for writ of certiorari is the proper vehicle for obtaining review, *see In re Doe*, 126 N.H. 719, 722-23 (1985). Our review of an administrative agency's decision on a petition for certiorari is limited to determining whether the agency has acted illegally with respect to jurisdiction, authority or observance of the law or has abused its discretion or acted arbitrarily, unreasonably or capriciously. *Petition of Walker*, 138 N.H. 471, 473 (1994).

The petitioner first argues that the commissioner erred as a matter of law in ruling that she had not first "resort[ed] to the procedure" provided in RSA chapter 354-A (1995 & Supp. 2001), as required by RSA 354-A:25. She asserts that the plain language of the statute does not require a formal filing of a complaint, and therefore the conversation between her attorney and the commission's executive director satisfied the statutory requirement. We disagree.

We are the final arbiter of legislative intent as expressed in the language of a statute. *Appeal of HCA Parkland Medical Ctr.*, 143 N.H. 92, 94 (1998). In construing a statute, we ascribe the plain and ordinary meaning to words used, considering the statute as a whole and interpreting it consistent with its purpose. *Id.* RSA 354-A:25 states:

> [A]s to acts declared unlawful by this chapter the procedure provided in this chapter shall, while pending, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. If such individual institutes any action based on such grievance without resorting to the procedure provided in this chapter, such person may not subsequently resort to the procedure in this chapter . . . .

RSA 354-A:21 (Supp. 2001) establishes the "procedure on complaints," pursuant to which "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing . . . ." RSA 354-A:21, I(a).

■ Reading these sections of the statute together, we construe "resorting to the procedure provided in this chapter" to refer specifically to the procedures described in RSA 354-A:21; to wit, "mak[ing], sign[ing] and fil[ing] . . . a verified complaint in writing." Although the word "may" in section 21 indicates that going to the commission is not the exclusive means of seeking relief, the provisions of section 25 limit the remedy of discrimination complaints in order to discourage duplicative, and possibly inconsistent, litigation. *Petition of Dunlap*, 134 N.H. 533, 546 (1991). Specifically, RSA 354-A:25 expressly forecloses an aggrieved party from

prosecuting his or her complaint based upon the same grievance before both the commission and a court.

▮ Here, the federal suit was based upon the same grievance as that sought to be reviewed by the commission and included a claim under RSA chapter 354-A. Accordingly, we hold that by choosing to go to court, the petitioner was barred from later seeking recourse from the commission.

▮ The petitioner next argues that the commissioner abused his discretion in dismissing her complaint because she followed the procedure suggested by the commission's executive director. She asserts that "[w]hen, as in this case, ... 'the deliberate by-pass of administrative remedies' is not a factor, the [c]ommission should allow a complaint to go forward, despite a previous appeal to the courts." This argument ignores the express language of the statute. As stated above, the statute provides a person aggrieved by an unlawful discriminatory practice alternate avenues of recourse: either seeking administrative relief from the commission or pursuing a private cause of action in court. The reasons for choosing one course of action over another are simply not relevant.

▮ Finally, the petitioner argues that the commissioner should be estopped from dismissing her complaint. Estoppel precludes one party from asserting a position contrary to one previously taken when it would be unfair to allow the party to do so. *Appeal of Kulacz*, 145 N.H. 113, 116 (2000). A party claiming equitable estoppel must prove the following: first, a false representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have intentionally, or through culpable negligence, induced the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury. *Id.* In addition, the reliance upon the representation or concealment must have been reasonable. *City of Concord v. Tompkins*, 124 N.H. 463, 468 (1984). Reliance is unreasonable when the party asserting estoppel, at the time of his or her reliance or at the time of the representation or concealment, knew or should have known that the conduct or representation was either improper, materially incorrect or misleading. *Id.*

▮ Here, the petitioner's estoppel argument fails because her reliance upon the representations made by the commission's executive director was not reasonable. As stated previously, RSA chapter 354-A contains the procedures for and restrictions in seeking relief from the commission. In

light of the statutory language, the petitioner knew or should have known that filing an action in federal court would foreclose her right to bring her complaint before the commission. Because the petitioner's reliance was not reasonable, we need not analyze the remaining elements of estoppel.

*Affirmed.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and NADEAU and DUGGAN, JJ., concurred.