Merrimack
No. 2005-312

JOSEPH THOMAS & a.

v.

TOWN OF HOOKSETT

Argued: March 8, 2006
Opinion Issued: July 20, 2006

718

*Hebert & Uchida, P.L.L.C.*, of Concord (*Richard Y. Uchida* and *Maria T. Dolder* on the brief, and *Mr. Uchida* orally), for the petitioners.

*Law Office of Donald A. Kennedy*, of Manchester (*Donald A. Kennedy* on the brief and orally), for the intervenor, Richard Boisvert.

HICKS, J. Richard Boisvert, the intervenor in this case, appeals an order of the Superior Court (*McGuire*, J.) reversing decisions of the Town of Hooksett's Zoning Board of Adjustment (ZBA) that had: (1) overturned the revocation of a building permit issued to him; and (2) granted him a variance from two sections of the Town of Hooksett's zoning ordinance. We affirm in part, vacate in part, and remand.

The following facts were found by the trial court or appear on the record before us. Boisvert owns property at 1554 Hooksett Road in Hooksett. In late 2000 and early 2001, Boisvert and/or a predecessor in interest sought permission from the Hooksett Planning Board to develop the property as a gasoline filling station and convenience store. The Hooksett Conservation Commission (conservation commission) challenged the proposed development and the case was litigated until January 23, 2003, when this court held that the conservation commission lacked standing. *See Hooksett Conservation Comm'n v. Hooksett Zoning Bd. of Adjustment*, 149 N.H. 63 (2003).

While that litigation was pending, the Town of Hooksett (town) amended its zoning ordinance to create a Groundwater Conservation District (conservation district) and restrict the location of new gas stations. Specifically, the amended ordinance prohibits the building of new gas stations within the conservation district or within 1000 feet of an existing gas station. Boisvert's property is located both within the conservation district and within 1000 feet of a gas station owned by the petitioners, Joseph and Cindy Thomas.

Following the issuance of our opinion in *Hooksett Conservation Comm'n*, Boisvert consulted with Ken Andrews, Hooksett's Code Enforcement Officer, and Charles Watson of the Hooksett Planning Board (planning board) about the status of the site plan approval for his property. Both Andrews and Watson told Boisvert that if he obtained a building permit within a year of January 23, 2003, and began construction within six

months after that, the approval would not be rescinded. Boisvert was issued a building permit on January 5, 2004. He then contracted with Cumberland Farms to start the construction of a gas station and convenience store by June 30, 2004.

By letter dated May 27, 2004, Andrews revoked Boisvert's building permit. The letter stated, in part, that our decision concerning the property was issued on January 23, 2003, that "RSA 674:39 clearly set guidelines for 'active and substantial development' within one-year in order to secure protection from zoning changes," and that no development had occurred within the one year period.

Boisvert appealed to the ZBA, claiming that he had relied upon the assurances of Andrews and Watson that if he obtained a building permit within one year of January 23, 2003, he had six months from the issuance of the permit to begin construction. The ZBA overturned the revocation of the building permit. In addition, Boisvert obtained variances from two of the zoning ordinance provisions restricting the location of gas stations.

The petitioners, Joseph and Cindy Thomas, appealed to the superior court the ZBA's decisions to overturn the revocation of the building permit and to grant the variances. See RSA 677:4 (Supp 2005). The superior court reversed both ZBA decisions. Boisvert now appeals.

Boisvert argues that the trial court erred by: (1) failing to apply the correct standard of review; (2) misapplying the law of municipal estoppel; (3) substituting its judgment for the ZBA's in determining that the requirements for a variance were not met; and 4) concluding that the petitioners had standing to petition the ZBA for a rehearing and to petition the superior court for review of the ZBA's decisions.

We will first address Boisvert's standing argument. Boisvert argues that the petitioners do not have standing to appeal the ZBA's decision because their principal motive is to prevent competition. We disagree.

RSA 677:4 states that any "person aggrieved" by an order of the zoning board of adjustment may appeal to the superior court and that a "person aggrieved" includes any party entitled to request a rehearing under RSA 677:2. See RSA 677:4. RSA 677:2 states that any party to the action or proceedings or *any person directly affected* thereby may apply for a rehearing. See RSA 677:2. We have said that whether or not a person has standing to challenge a zoning board decision is a factual determination to be undertaken on a case by case basis. See *Nautilus of Exeter v. Town of Exeter*, 139 N.H. 450, 452 (1995). In making this factual determination, the court may consider factors such as the proximity of the challenging party's property to the site at issue, the type of change

proposed, the immediacy of the injury and the plaintiff's participation in the administrative hearings. *See id.*

■ Here, there is no dispute that the petitioners' property is located both within one thousand feet of Boisvert's property and within the Groundwater Conservation District. The trial court found that the proximity of the properties and the location within the protected district, combined with the petitioners' extensive participation in the proceedings before the ZBA, conferred standing. Moreover, we have said that the presence of an anticompetitive motive does not by itself deprive a plaintiff of standing. *See Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 545 (1979). Accordingly, we find no error in the trial court's determination that the petitioners had standing to appeal.

Boisvert next argues that the trial court erred in failing to uphold the ZBA's reinstatement of his building permit based upon the doctrine of municipal estoppel. "We will uphold the trial court's decision on appeal unless it is not supported by the evidence or is legally erroneous." *Vigeant v. Town of Hudson*, 151 N.H. 747, 750 (2005).

■ The doctrine of municipal estoppel has been applied to municipalities to prevent unjust enrichment and to accord fairness to those who bargain with the agents of municipalities for the promises of the municipalities. *Aranosian Oil Co. v. City of Portsmouth*, 136 N.H. 57, 59 (1992).

■ The elements of estoppel are:

> first, a false representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have been made with the intention of inducing the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury.

*Aranosian Oil Co.*, 136 N.H. at 59 (quotation and brackets omitted). "Each element of estoppel requires a factual determination." *City of Concord v. Tompkins*, 124 N.H. 463, 468 (1984). The trial court found that this case did not satisfy the requirements for municipal estoppel. We agree.

The trial court rejected Boisvert's municipal estoppel claim because it found that Andrews' and Watson's representations "were not made with knowledge of the actual expiration of the permit, and were not made for the purpose of inducing Mr. Boisvert to act, and because Mr. Boisvert's reliance on [their] representations was not reasonable." The court noted

that "[n]othing in the record suggests that the information given to Mr. Boisvert was not given in good faith."

■ We uphold the trial court's finding that Boisvert's reliance upon the town's representations was not reasonable. We have said that the reliance by the party bringing the estoppel claim on the representation or concealment must have been reasonable. *Healey v. Town of New Durham*, 140 N.H. 232, 240 (1995). Reliance is unreasonable when the party asserting estoppel, at the time of his or her reliance or at the time of the representation or concealment, knew or should have known that the conduct or representation was improper, materially incorrect or misleading. *Id.*

■ Although Ken Andrews and Charles Watson informed Boisvert and Cumberland Farms that the permit would be valid as long as construction began within six months following issuance of the permit on January 5, 2004, both Boisvert and Cumberland Farms should have been aware that those representations were incorrect. Pursuant to RSA 674:39, Boisvert had one year from the date of the issuance of our opinion in *Hooksett Conservation Comm'n* to begin "active and substantial" development of the property in order to secure protection from the zoning changes. The trial court correctly noted that "[s]ince a statute squarely addressed the issue about which Boisvert was concerned, he was on notice that any representations by town officials to the contrary were materially incorrect, and therefore his reliance was not reasonable."

The trial court's decision is supported by *Petition of Perkins*, 147 N.H. 652 (2002). There we rejected a claim of municipal estoppel regarding the pursuit of a discrimination claim with the New Hampshire Commission for Human Rights. *Id.* at 655. Although the petitioner claimed that "she followed the procedure suggested by the commission's executive director," *id.*, we ruled that her reliance upon the director's representations was not reasonable on the following ground: "RSA chapter 354-A contains the procedures for and restrictions in seeking relief from the commission. In light of the statutory language, the petitioner knew or should have known that filing an action in federal court would foreclose her right to bring her complaint before the commission." *Id.* at 655-56.

Similarly, here, RSA 674:39, I, governs the time period within which a right to construct remains vested after a zoning ordinance is amended to prohibit a proposed project.

At the time of the events at issue, RSA 674:39 provided, in relevant part:

> Every plat or site plan approved by the planning board and properly recorded in the registry of deeds shall be exempt from

all subsequent changes in subdivision regulations, site plan review regulations, and zoning ordinances adopted by any ... town ... except those regulations and ordinances which expressly protect public health standards, such as water quality and sewage treatment requirements, for a period of 4 years after the date of recording; ... provided that:

    I. Active and substantial development or building has begun on the site by the owner or the owner's successor in interest in accordance with the approved plat within 12 months after the date of approval ....

RSA 674:39 (1996) (amended 2004). In light of our holding in *Perkins* and pursuant to RSA 674:39, we find no error in the trial court's decision that Boisvert's reliance was unreasonable for purposes of municipal estoppel.

Next, Boisvert argues that the trial court erred in determining that the requirements for a variance were not met. The trial court reversed the ZBA's grant of a variance after finding that Boisvert failed to meet the requirements for a variance and that the ZBA made no findings that justified a departure from the ordinance. The court applied the test set forth in *Simplex Technologies v. Town of Newington*, 145 N.H. 727 (2001).

We will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. *Bacon v. Town of Enfield*, 150 N.H. 468, 471 (2004). For its part, the trial court must treat all factual findings of the ZBA as *prima facie* lawful and reasonable. RSA 677:6 (1996). It "may set aside a ZBA decision if it finds by the balance of probabilities, based on the evidence before [it], that the ZBA's decision was unreasonable." *Simplex*, 145 N.H. at 729. Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. *Bacon*, 150 N.H. at 471.

    In order to receive a variance, an applicant must meet five criteria: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; (4) substantial justice is done; and (5) the variance will not diminish the value of surrounding properties. RSA 674:33, I(b) (Supp. 2004); *Simplex*, 145 N.H. at 729.

    In *Simplex*, we recognized that in seeking a variance, the hardship requirement had been historically the most difficult to meet. Accordingly, we adopted a less restrictive test of unnecessary hardship to better safeguard the constitutional rights of all landowners and to more properly balance those rights against the necessity of zoning ordinances. *See*

*Simplex*, 145 N.H. at 731-32. Rather than require a showing that an ordinance unduly restricts the use of their land, applicants for a use variance could establish unnecessary hardship by proof that: (1) a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others. *Id.* at 730-32.

The trial court found that the ZBA failed to make any findings with regard to its decision to grant the variance. In addition, the trial court found that Boisvert did not offer sufficient proof on any of the *Simplex* elements for unnecessary hardship to support the grant of the variance. The trial court also stated that the "ZBA made no finding as to why a departure from the ordinance [was] justified."

In Boisvert's application for a variance he addressed the five elements of the test set forth in *Simplex*. The ZBA briefly discussed the variance and ruled unanimously in favor of granting it. The ZBA's decision to grant the variance amounted to an implicit finding by the board that the *Simplex* factors were met. *Pappas v. City of Manchester Zoning Bd.*, 117 N.H. 622, 625 (1977). Although disclosure of specific findings of fact by a board of adjustment may often facilitate judicial review, the absence of findings, at least where there is no request therefor, is not in and of itself error. *Id.* In reviewing an appeal of a ZBA decision, the superior court does not sit as a "super zoning board." *Cook v. Town of Sanbornton*, 118 N.H. 668, 671 (1978). The court may not substitute its judgment for that of the board. Nor may an order permitting a variance be set aside or vacated except for errors of law, or if the court is persuaded by a balance of the probabilities that the order is unjust or unreasonable. *Pappas*, 117 N.H. at 625.

While we disagree with the trial court that the ZBA was required to set forth specific findings to support its decision to grant the variance, we find that the ZBA minutes reflect that the ZBA gave only cursory consideration to the variance issue because it had already decided to reinstate Boisvert's building permit based upon his municipal estoppel claim. A review of the record reveals that ZBA members questioned whether or not they needed to address the variance issue at all in light of the fact that they were reinstating the building permit. One ZBA member asked, "If we reinstate the building permit, do we then have to review the variance." Another member during the same meeting said, "If we were to over rule [*sic*] the code enforcement officer, I believe our job is done."

Although the ZBA granted the variance, it is unclear how the ZBA would have ruled on the variance had it denied Boisvert's municipal estoppel claim. Therefore, a further developed record is necessary. We vacate the rulings on the variance and remand to the ZBA for further proceedings consistent with this order. Given this disposition, we need not consider the parties' remaining arguments.

*Affirmed in part; vacated in part; and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.