# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0387, <u>Appeal of Robert Newcomb & a.</u>, the court on May 2, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The petitioners, Robert and Carolyn Newcomb, appeal an order of the New Hampshire Wetlands Council (the Council) denying their appeal of an order of the New Hampshire Department of Environmental Services (DES) requiring removal of a newly constructed landing and stairway attached to their waterfront property. <u>See</u> RSA 482-A:10, I (2024); RSA 21-O:14, III (2020); RSA 21-O:5-a, V (2020). We affirm.

The record reflects the following facts. The petitioners own a waterfront house on Lake Winnipesaukee. In 2018 and 2019, the petitioners constructed a landing and stairway over the water on the lakeside of their home. In 2019, DES inspected the property. DES issued an administrative order which found that the landing and stairs did not meet the requirements of RSA 482-A:26, III(a) (2024) (governing the construction, maintenance, and repair of dwellings constructed over public waters) and ordered them to remove the construction. The petitioners appealed DES's order to the Council, and the Council dismissed their appeal. We reversed the Council's dismissal, concluding that the petitioners had alleged sufficient facts for their appeal to survive a motion to dismiss, and we remanded with leave for the petitioners to amend their appeal to cure deficiencies and add claims. <u>See</u> <u>Appeal of Robert Newcomb & a.</u>, No. 2021-0222 (non-precedential order at 5), 2022 WL 3135361 (N.H. Aug. 5, 2022).

On remand, the petitioners amended their petition to add additional claims. In December 2023, the Council issued a final order that denied the petitioners' amended petition and issued findings of fact and rulings of law. The petitioners filed a motion for reconsideration. The Council denied the motion. This appeal followed.

The Council's standard of review of the DES's decision is governed by RSA 482-A:10 (2024). <u>See</u> RSA 482-A:26, V (2024) (providing that appeals of department decisions pursuant to RSA 482-A:26, III(a) to the Council are governed by RSA 482-A:10). RSA 482-A:10, V provides that for appeals of department decisions to the Council, "[t]he burden of proof shall be on the party seeking to set aside the department's decision to show that the decision is unlawful or unreasonable," and further provides that "[a]ll findings of the

department upon all questions of fact properly before it shall be prima facie lawful and reasonable."

Our standard of review of the Council's decision is set forth in RSA 541:13 (2021). Appeal of N.H. Dep't of Envtl. Servs., 173 N.H. 282, 289 (2020); RSA 21-O:14, III. Under this statute, the Council's findings of fact shall be deemed prima facie lawful and reasonable. RSA 541:13. The petitioners have the burden of demonstrating that the Council's decision was "clearly unreasonable or unlawful." Id. We will uphold the Council's decision except for errors of law, unless we are satisfied, by "a clear preponderance of the evidence" before us, "that such order is unjust or unreasonable." Id. We review the Council's rulings on issues of law de novo. Appeal of Michele, 168 N.H. 98, 105 (2015).

At the outset, the petitioners argue that applying RSA 482-A:26 (2024) here, without the possibility of a waiver, results in an unconstitutional taking of their property. They also argue that the Council "adopted inherently inconsistent positions relative to the application of RSA 482-A:26, III" in its findings of fact and rulings of law. DES counters that these arguments are not preserved. We agree. The petitioners never raised a takings argument before the Council nor did they argue that the Council's findings of fact and rulings of law contained inconsistent applications of RSA 482-A:26, III. See RSA 541:3, :4 (2021); Appeal of Wilson, 161 N.H. 659, 665 (2011) (holding petitioners failed to preserve argument in appeal pursuant to RSA chapter 541 by failing to raise the issue in their motion for reconsideration). Accordingly, these arguments are not preserved for appellate review, and we decline to address them.

They further argue that the adjudicatory process that they were afforded before the Council did not satisfy the requirements of due process. The petitioners raised their due process argument for the first time in their motion for reconsideration, despite knowing all facts material to their due process claim when they filed their amended petition. We conclude that the petitioners waived this argument because they did not object that the hearing officer was employed by the New Hampshire Attorney General's Office when that fact became apparent. See Appeal of Local Gov't Ctr., 165 N.H. 790, 812-13 (2014) (holding respondents waived argument that presiding officer had a conflict of interest because they failed to object at the time the conflict became apparent).

We turn to the arguments properly before us. The petitioners argue that RSA 482-A:26 is inapplicable because the property at issue is not constructed over public waters, but rather over privately-owned submerged land, and therefore does not meet the statute's definition of a dwelling over water. DES determined that the deck, stairs, and dwelling extended over public waters and were subject to the requirements of RSA 482-A:26. The Council found that there was sufficient evidence to support DES's determination that the deck and

stairs extend beyond the shoreline of a public water and that RSA 482-A:26 is applicable. We agree with the Council.

RSA 482-A:26 is applicable to "[d]welling[s] over water," defined as "dwelling[s] which extend[] in any part beyond the shoreline of any public water or public-owned water body." RSA 482-A:26, IV(a). "Shoreline" is defined as "that shoreline which exists when the surface of the water is at the mean high water level." RSA 482-A:26, IV(b). The State owns Lake Winnipesaukee up to its natural mean high water level of 504.32 feet above mean sea level. See Allen v. Wetlands Board, 133 N.H. 379, 380 (1990). The Council found that there was sufficient evidence to support the determination that the property extends beyond Lake Winnipesaukee's shoreline, and is therefore a dwelling over water within the meaning of the statute. Upon our review of the record, we conclude that the Council's conclusion was not unlawful or unreasonable.

DES staff twice inspected the property, and on one occasion found that the exterior dimensions of "the structure over public waters [were] altered" by the addition of "[a] new deck and stairway." Further, the inspector concluded that the dwelling was a "structure over public waters" despite the water level of the Lake being "[a]lmost a foot down" at the time. DES staff additionally inspected the shoreline and determined that it consisted of "natural rocks," undercutting the petitioners' assertion that the portion of the shoreline at issue was moved due to a past excavation. DES staff also inspected aerial photographs of the shoreline, compared the shape of the shoreline to nearby shorelines, and concluded that the shapes of the shorelines were consistent and appeared natural. The same witness who inspected the photographs testified that the petitioners' dwelling was "over water under [the meaning of RSA 482-A:26]." On this record, we are not persuaded "by a clear preponderance of the evidence" that the Council's finding that the property is a dwelling over water subject to the requirements of RSA 482-A:26 was unlawful or unreasonable. RSA 541:13.

The petitioners next argue that DES is estopped from challenging the construction of the landing and stairs because a representative of DES told the petitioners that a permit from DES was not required for the construction and that DES does not deal with matters of egress. The Council determined that estoppel is inapplicable in part because, to the extent that the petitioners relied on such a representation, the petitioners were unreasonable in relying on that representation given the clear statutory language describing what constructions are permitted with respect to dwellings over water. We agree with the Council.

To estop DES from challenging their construction, the petitioners must show that DES made a false representation or concealed a material fact; the representation must have been made with knowledge of the facts; the petitioners must have been ignorant of the truth of the matter; the

3

representation must have been made with the intention that the petitioners should act upon it; and the petitioners must have been induced to act upon it to their prejudice. See Turco v. Town of Barnstead, 136 N.H. 256, 261 (1992). In addition, the reliance must have been reasonable. Id. Reliance is unreasonable when the party asserting estoppel, at the time of his or her reliance or at the time of the representation, knew or should have known that the representation was either improper, materially incorrect or misleading. See Petition of Perkins, 147 N.H. 652, 655 (2002). Even if we assume, without deciding, that the other elements of estoppel were met, the Council did not err when it concluded that the petitioners' reliance on the representative's false representation was unreasonable. The statutory language makes clear that property owners are not permitted to construct over public waters except under limited circumstances not applicable here. See RSA 482-A:26. Furthermore, the unnamed DES representative's statement to the contrary does not render the petitioners' reliance reasonable in light of the clear statutory language. See Perkins, 147 N.H. at 655-56 (holding that petitioner's reliance on representations was unreasonable because statutes provided the correct information). Accordingly, DES is not estopped from challenging the petitioners' construction.

The petitioners further argue that DES exceeded its jurisdictional limits because "RSA 482-A, in spirit and letter, only applies when dredging or filling of wetlands occurs." These arguments are without merit. RSA chapter 482-A's finding of public purpose states:

> It is found to be for the public good and welfare of this state to protect and preserve its submerged lands under tidal and fresh waters and its wetlands, (both salt water and fresh-water), as herein defined, from despoliation and unregulated alteration, because such despoliation or unregulated alteration . . . will otherwise adversely affect the general public.

RSA 482-A:1 (2024). Prohibiting private parties from constructing over public waters except in limited circumstances is consistent with the chapter's purpose of preventing "despoliation and unregulated alteration" of the State's submerged lands. See RSA 482-A:1, :26. Nothing in RSA chapter 482-A (2024 & Supp. 2024) limits the chapter's application solely to dredging and filling of wetlands, and RSA 482-A:26 applies to circumstances not involving dredging and filling of wetlands. RSA 482-A:26 and :27 clearly demonstrate the legislative intent to limit the expansion of dwellings over submerged land held in trust for the public.

In sum, the petitioners have failed to demonstrate that the Council's decision was unlawful or unreasonable, and we therefore affirm. We have

considered the petitioners' remaining arguments and conclude that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**