Joseph Liff, J.
In this proceeding pursuant to article 78 of the CPLR, judgment is granted in favor of the respondents dismissing the petition.
In order to maintain this proceeding to review and annul a determination of the Board of Zoning Appeals of the Incorporated Village of Lattingtown, the petitioner must be an “aggrieved” person (Village Law, § 179-b). The petitioner Victor Romeskie is a contract vendee whose obligation to purchase the property was conditioned upon his being “ able to obtain a variance ”; otherwise the contract would be null and void. The parties did not spell out by their agreement what was meant by the term they employed; that is, whether it was limited solely to an application to the Board of Appeals or whether it extended beyond administrative review to the exhaustion of every remedy available, including an appeal to the courts.
The petitioner joined the vendor’s name in the caption of his application. However, it is clear that this was done without the owner’s consent and in spite of his objections. Generally, a contract vendee under an executory conditional contract is a person “aggrieved” within the meaning of section 179-b, although as Mr. Justice Meyer, of this court, in Matter of Colony Park v. Malone (25 Misc 2d 1072, 1077) pointed out “ the Court of Appeals has twice left undecided the question whether the vendee of an executory contract conditioned upon the granting of a zoning variance is a 1 person aggrieved ’ within the meaning of the variance provisions of the Town Law [citing cases] ”.
The unconditional vendee under an executory contract or the purchaser under an executed contract would be denied a variance. In the case of the vendee under a contract both executory and conditional the application is entertained, because in such instance it is the vendor’s rights which are being determined and the vendee would be considered as acting as agent for his vendor and with the latter’s consent. (Matter of Colony Park v. Malone, supra, pp. 1077, 1078, citing Matter of Hickox v. Griffin, 274 App. Div. 792, revd. on other grounds 298 N. Y. 365.) It has been said that the applicant must have an interest which is “ at least sufficiently intense to move him to apply or appeal.” (Ann. 89 ALR 2d 667.)
This is so in spite of the fact that such a vendee is under no compulsion to take the property should the variance be denied. Applying these rules, the applicant here might have been permitted to press his application but for the fact that the owner has now raised the question that the contract, by its terms, and by agreement between the parties, is null and void and that the proceeding was brought not only without the owner’s consent, *391 but in spite of his vigorous protestations. In these circumstances, there would appear to be no authority to hold that the vendee is acting as agent for the owner and to extend the definition of an “ aggrieved ” person to include him. This determination does not attempt to decide the rights, if any, of the parties to the contract as between them.
For the reasons set forth the petitioner does not have the status to maintain the proceeding and it is dismissed.
In view of this decision it is unnecessary to discuss or to decide the merits of the determination made by the respondents.