Rockingham
No. 94–159

NAUTILUS OF EXETER, INC. & a.

v.

TOWN OF EXETER AND EXETER HOSPITAL

March 23, 1995

*Brown and LaPointe, P.A.,* of Exeter (*Page Brown* on the brief and orally), for the plaintiffs.

*Holland, Donovan, Beckett & Hermans,* of Exeter (*Stephen G. Hermans* on the brief and orally), for defendant Exeter Hospital.

*Engel, Gearreald & Gardner, P.A.,* of Exeter (*Mark S. Gearreald* on the brief and orally), for defendant Town of Exeter.

HORTON, J. Pursuant to RSA 677:4 (1986), the plaintiffs, Nautilus of Exeter, Inc., Amy Kaufman, Dale Boenisch, Gerard Poulin, and Shiro, Inc., d/b/a Great Bay Athletic Club, appealed to the superior court the

decision of the Exeter Zoning Board of Adjustment (ZBA) denying them standing under RSA 676:5 (Supp. 1994). The plaintiffs now appeal the order of the Superior Court (*McHugh,* J.) granting summary judgment in favor of the defendants, the Town of Exeter (town) and Exeter Hospital. We affirm.

In July 1993, the Exeter Planning Board conditionally approved Exeter Hospital's site plan for the construction of an addition that would house, among other facilities, an exercise and rehabilitation center open to both patients and the public. Plaintiffs Nautilus of Exeter, Inc. and Shiro, Inc. operate health clubs located 1.7 and six miles from the hospital, respectively. The remaining plaintiffs, shareholders of the corporations owning the health clubs, own property in Exeter located between .8 and 2.5 miles from the hospital.

The plaintiffs requested certiorari from the superior court seeking review of the planning board's approval of the site plan. *See* RSA 677:15 (1986 & Supp. 1994). They named both the town and the hospital as defendants, claiming standing to appeal on the basis that they owned property within the town and because the fitness center would compete against their businesses. The superior court denied certiorari, ruling that the plaintiffs were not "persons aggrieved" entitled to court review under RSA 677:15.

In a separate action, the plaintiffs also appealed the site plan approval to the ZBA. *See* RSA 676:5. The ZBA ruled that the plaintiffs were not "persons aggrieved" entitled to appeal under RSA 676:5. Their motion for rehearing was denied by the ZBA, and the plaintiffs appealed to the superior court under RSA 677:4 (1986), arguing that their status as citizens of the town, property owners, taxpayers, and owners of a business within the commercial district gave them standing to raise issues concerning the proper application and use of zoning districts. The plaintiffs also argued that the site plan approval violated the town's zoning ordinance by placing a commercial fitness center in a hospital zone.

The trial court found that since standing to appeal planning board decisions either to the superior court under RSA 677:15, or to the ZBA under RSA 676:5 and from there to the superior court pursuant to RSA 677:4, is limited to "person[s] aggrieved," that term must have the same definition in both cases. Noting its prior decision that the plaintiffs were not "persons aggrieved" entitled to certiorari review of the planning board's decision, the trial court concluded "that the plaintiffs do not fit the category of 'persons aggrieved' for purposes of either their planning board appeal or their zoning board appeal." The trial court granted the defendants' motions for summary judgment on that basis. The plaintiffs appeal.

■■ Only "persons aggrieved" have standing to appeal planning and zoning board decisions to the superior court. *See* RSA 677:4, :15. "Whether a party has a sufficient interest in the outcome of a planning board or zoning board proceeding to have standing is a factual determination" for the trial court. *Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 544–45, 404 A.2d 294, 296 (1979). In making this determination, the trial court may consider "factors such as the proximity of the plaintiff's property to the site for which approval is sought, the type of change proposed, the immediacy of the injury claimed, and the plaintiff's participation in the administrative hearings." *Id.* at 545, 404 A.2d at 296. Standing exists when these factors lead the trier of fact to conclude that the plaintiff has a sufficient interest in the outcome of the proposed zoning decision, but standing will not be extended to "all persons in the community who might . . . feel that they are hurt by the board's decision on a site plan approval pertaining to land quite remote from their own." *Id.* at 544, 404 A.2d at 296 (quotation omitted).

The trial court granted the defendants' motions for summary judgment based upon its determination that the plaintiffs failed to sustain "their burden of showing that as a matter of law they are 'persons aggrieved' under the statutes." "[T]he trial court must grant summary judgment when it finds no genuine issue of material fact, after considering the affidavits and other evidence presented in a light most favorable to the non–moving party, . . . and when the moving party is entitled to judgment as a matter of law." *Phillips v. Verax Corp.*, 138 N.H. 240, 243, 637 A.2d 906, 909 (1994) (quotation omitted).

■ A review of the record supports the trial court's conclusion that the plaintiffs' properties are too remote from the proposed hospital addition to be sufficiently affected by the ZBA's decision so as to confer standing. We agree with the trial court that the only adverse impact that may be felt by the plaintiffs as a result of the ZBA's decision is that of increased competition with their businesses. This type of harm alone is insufficient to entitle the plaintiffs to standing to appeal the ZBA's decision: "[I]njury resulting from competition is rarely classified as a legal harm but rather is deemed a natural risk in our free enterprise economy." *Weeks*, 119 N.H. at 545, 404 A.2d at 296 (quotation omitted). Accordingly, we hold that the defendants' motions for summary judgment were properly granted. *See Phillips*, 138 N.H. at 243, 637 A.2d at 909.

*Affirmed.*

All concurred.