Hillsborough-northern judicial district
No. 2005-598

ARNOLD GOLDSTEIN

v.

TOWN OF BEDFORD & a.

Argued: May 10, 2006
Opinion Issued: November 22, 2006

*Wiggin & Nourie, P.A.*, of Manchester (*Gregory E. Michael* and *Patricia M. Panciocco* on the brief, and *Ms. Panciocco* orally), for the plaintiff.

*Upton & Hatfield, LLP*, of Concord (*Matthew R. Serge* on the brief, and *Barton L. Mayer* orally), for defendant Town of Bedford.

BRODERICK, C.J. The plaintiff, Arnold Goldstein, appeals an order of the Superior Court (*Conboy*, J.) dismissing his mandamus petition for lack of standing. We affirm.

In January 2005, the plaintiff, a resident and taxpayer in the town of Bedford (town), notified town officials that defendant Christopher Evans had allegedly violated the zoning ordinance governing the merger of two non-conforming lots. The town's zoning administrator investigated the matter, contacted the town's legal counsel, and decided against pursuing an enforcement action.

In March, the plaintiff filed an appeal with the Bedford Zoning Board of Adjustment (ZBA) challenging the decision of the zoning administrator. At the hearing before the ZBA in April, the plaintiff acknowledged that he had no interest in the zoning enforcement matter different from any other citizen in the town and that he was "just a Bedford resident who would like to see the zoning ordinance enforced." The ZBA denied the plaintiff's administrative appeal on grounds that he lacked standing because he was not an aggrieved party. *See* RSA 676:5, I (1996).

The plaintiff had earlier filed a petition for a writ of mandamus in the superior court requesting that it: (1) order the town to investigate and enforce its zoning ordinance, cancel Evans' existing permits, and enjoin both the issuance of any further permits to him and his future sale of the lots; (2) declare the lots merged; and (3) award him fees and costs for having to take action as a private citizen to enforce the ordinance. The plaintiff asserted that he had a right to mandamus relief because of his status as a resident of the town.

In May, at a hearing held in the superior court on the plaintiff's request for relief, the town filed a motion to dismiss the plaintiff's petition contending that he lacked standing to bring it. Following the hearing, the trial court granted the town's motion. This appeal followed.

The plaintiff argues that because he is a resident and taxpayer in the town, he has standing to appeal a decision of the zoning administrator not to enforce a local zoning ordinance. In ruling on a motion to dismiss, usually "the trial court is required to determine whether the allegations contained in [a] plaintiff's pleadings are sufficient to state a basis upon which relief may be granted. To make this determination, the court would normally accept all facts pled by the plaintiff as true, construing them most favorably to the plaintiff." *Ossipee Auto Parts v. Ossipee Planning Board*, 134 N.H. 401, 403 (1991) (citation omitted). "When, however, the motion to dismiss does not contest the sufficiency of the plaintiff's legal claim, but instead, as in the present case, challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based on the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief." *Id.* at 403-04.

We agree with the trial court that the authority to challenge local administrative decisions concerning the enforcement of zoning ordinances is governed by statute. Whether the plaintiff has standing to do so is, therefore, a matter of statutory interpretation. "In any statutory interpretation case, this court's task is to determine legislative intent." *Silva v. Botsch*, 120 N.H. 600, 601 (1980). "In making that determination, we begin with the language of the statute itself." *Id.* "When that language is plain and unambiguous, we need not look beyond the statute itself for further indications of legislative intent." *Id.*

Pursuant to RSA 676:5, I, "any person aggrieved" by any decision of an administrative officer may appeal to the ZBA. "[T]he selectmen, any party to the action or proceedings, or any person directly affected thereby may apply for a rehearing" within thirty days after a decision of the ZBA. RSA 677:2 (Supp. 2006). An appeal from the ZBA's decision on the motion for rehearing may then be brought in the superior court within thirty days by "[a]ny person aggrieved" by the order or decision of the ZBA. RSA 677:4 (Supp. 2006). The same statute defines "person aggrieved" as "any party entitled to request a rehearing under RSA 677:2."

To demonstrate that he is a "person aggrieved," the plaintiff must show some "direct definite interest in the outcome of the proceedings." *Caspersen v. Town of Lyme*, 139 N.H. 637, 640 (1995). "[S]tanding will not be extended to all persons in the community who might feel that they are hurt by" a local administrator's decision. *Nautilus of Exeter v. Town of Exeter*, 139 N.H. 450, 452 (1995) (quotation and ellipsis omitted). "Whether a party has a sufficient interest in the outcome of a planning board or zoning board proceeding to have standing is a factual determination in

each case." *Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 544-45 (1979).

The pertinent statutes plainly limit standing to appeal a decision of an administrative official concerning enforcement of a zoning ordinance either to the ZBA (RSA 676:5) or to the superior court (RSA 677:4) to "persons aggrieved." At oral argument, the plaintiff conceded that under the *Nautilus* decision, he did not qualify as an aggrieved person under the statutory scheme. He argues, however, that he has standing as a town resident and taxpayer to seek mandamus relief to require the town to enforce its zoning ordinance. We disagree.

In *Nautilus*, the plaintiffs, owners of health clubs in the town of Exeter, sought review in the superior court of approval granted by the local planning board and ZBA of Exeter Hospital's site plan for the construction of an exercise center. *Nautilus*, 139 N.H. at 451. The plaintiffs claimed standing to appeal based upon their status as "citizens of the town, property owners, taxpayers, and owners of a business within the commercial district." *Id.* We affirmed the superior court's determination that the plaintiffs did not fit the category of "persons aggrieved" because "the only adverse impact that may be felt by [them] as a result of the ZBA's decision is that of increased competition with their businesses," a harm that did not entitle them to standing. *Id.* at 452.

Because the plaintiff concedes that he is not a "person aggrieved" under the statutes, he lacks standing to appeal the decision of the administrative officer to the ZBA. Because he lacks standing to appeal to the ZBA, we conclude that he also lacks standing to bring a mandamus action. To hold otherwise would allow the plaintiff to circumvent the clear intent of the legislature to limit standing for zoning appeals to persons aggrieved. *See Hooksett Conservation Comm'n v. Hooksett Zoning Bd. of Adjustment*, 149 N.H. 63, 68 (2003). The zoning statutes are primarily intended to protect the public at large and not the interests of individuals. *See* RSA 672:1 (1996) (purpose of zoning is to enhance the public health, safety and general welfare). As the trial court correctly concluded, "Since [the plaintiff] has proffered no evidence that he has an interest in this action beyond that of a concerned resident and taxpayer, ... [he] lacks standing to seek mandamus relief."

*Affirmed.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.