Carroll
No. 2007-653

CLINTON A. JOHNSON & a.

v.

TOWN OF WOLFEBORO PLANNING BOARD & a.

Argued: February 21, 2008
Opinion Issued: April 4, 2008

*Orr & Reno, P.A.*, of Concord (*James P. Bassett* and *Jeffrey C. Spear* on the brief, and *Mr. Bassett* orally), for the petitioners.

*Normandin, Cheney & O'Neil, PLLC*, of Laconia (*Regina A. Nadeau* on the brief and orally), for the intervenor, Sheepshead Bay, LLC.

HICKS, J. The petitioners, Clinton and Cynthia Johnson, appeal an order of the Superior Court (*Fitzgerald*, J.) dismissing their petition for review of a decision of the Town of Wolfeboro Planning Board (planning board) for lack of standing. We reverse and remand.

The record supports the following. The Johnsons own a unit at Pine Harbor Condominiums (PHC), a development located in Wolfeboro along Lake Winnipesaukee. In July 2003, the intervenor, Sheepshead Bay, LLC (Sheepshead), acquired a lakefront parcel adjacent to PHC and separated from the Johnsons' unit by a PHC common area. Sheepshead developed a plan to replace an existing cottage with a larger dwelling. The Johnsons' unit is located approximately two hundred feet from the boundary line with Sheepshead's parcel and less than five hundred feet from Sheepshead's proposed structure. The Johnsons assert that Sheepshead's proposed structure, which would be located closer to the property line and have a larger footprint, would interfere with the use and enjoyment of their unit and the common area in which they own an undivided interest.

Sheepshead wished to garner support from the PHC board of directors (PHC board) for its initial plan, which required a variance. The PHC board voted not to oppose the proposal in exchange for certain considerations. The variance was denied, however, and Sheepshead developed a new plan that would eliminate the need for a variance.

While the existing structure is only seasonal, the proposed structure would be a larger, year-round home. Because the proposed dwelling lies within the wetlands buffer zone established by Article II of the Town of Wolfeboro's zoning ordinance, a special use permit is required. The ordinance also established a Wetlands Conservation Overlay District (conservation district), within which lie portions of the PHC common area, including that portion adjacent to the Johnsons' unit.

On March 31, 2006, Sheepshead applied to the planning board for a special use permit to replace the existing dwelling with a new three-bedroom dwelling and septic system. The Johnsons submitted a written document to the planning board arguing that Sheepshead's proposal failed to satisfy the criteria set forth in the ordinance for obtaining a special use permit in the conservation district or buffer zone. They also participated in the May 2, 2006 planning board hearing concerning the permit. The PHC board, represented at the hearing by its President, Dan Calileo, did not object to approval of the special use permit. At the conclusion of the hearing, the planning board granted the special use permit.

On May 31, 2006, the Johnsons appealed the planning board's decision to the superior court. Sheepshead filed a motion to dismiss for lack of standing, which was subsequently granted. On appeal, the Johnsons challenge the court's ruling, arguing that Sheepshead's motion to dismiss was untimely filed and that they have standing to bring the action.

The trial court did not address the issue of timeliness in its order. Given our discussion below, we will assume a timely filing for purposes of this appeal.

When a "motion to dismiss . . . challenges the plaintiffs' standing to sue, the trial court must look beyond the plaintiffs' unsubstantiated allegations and determine, based on the facts, whether the plaintiffs have sufficiently demonstrated their right to claim relief." *Ossipee Auto Parts v. Ossipee Planning Board*, 134 N.H. 401, 403-04 (1991). Because the underlying facts are not in dispute, we review the trial court's determination *de novo. See Joyce v. Town of Weare*, 156 N.H. 526, 529 (2007).

The trial court found that the PHC board had the authority to contract with Sheepshead, that the board was acting on behalf of the unit owners when it decided not to take action, and that the Johnsons did not assert an interest separate from that of PHC. Sheepshead argues that the condo-

minium owners delegated to the PHC board the exclusive authority to contract on behalf of the unit owners' association, that the board has the exclusive authority to maintain actions with respect to the common area, and that the board entered into an enforceable contract with Sheepshead which effectively bound the unit owners and deprived them of standing to object to the development.

The Condominium Act provides, in pertinent part, that:

> Except to the extent prohibited by the condominium instruments, . . . the board of directors of the unit owners' association . . . shall have the irrevocable power as attorney-in-fact on behalf of all the unit owners and their successors in title to grant easements through the common areas and accept easements benefiting the condominium.

RSA 356-B:42, II (1995). The Act also provides that if there is a board of directors, "the bylaws shall specify the powers and responsibilities of the same . . . and may delegate to such board, among other things, any of the powers and responsibilities assigned by this chapter to the unit owners' association." RSA 356-B:35 (1995).

There is no question that the PHC bylaws give the board responsibility for the common areas. The board also has "all of the powers and duties necessary for the administration of the affairs of the Condominium and may do all such acts and things as are not by the Condominium Act or by the[ ] Bylaws directed to be exercised and done by the Unit Owners' Association." Finally, the bylaws provide that the board shall be responsible for "enforcing by legal means the provisions of the Declaration, the[ ] Bylaws, and [ ]Rules, and bringing any proceedings which may be instituted on behalf of the Owners' [sic]." Nowhere in the PHC Declaration or bylaws, however, is this authority said to be exclusive of the unit owners' legal rights as individual property owners. Moreover, the language concerning the board's authority to bring proceedings relates to the enforcement of PHC's internal documents, not to participation in land use decisions regarding abutting properties.

The question presented here is not the extent of the board's administrative authority or its authority to bring proceedings, but whether, by weighing in on the land use decision, the board precluded individual unit owners from doing so. Other jurisdictions holding that the standing of condominium associations is exclusive of that of individual unit owners do so only in relation to actions involving common areas. *See, e.g., Kuznicki v. Mason*, 639 S.E.2d 308, 312 (Va. 2007) (interpreting Virginia statutes such that "standing to institute claims or actions concerning common elements, including limited common elements, is restricted to condominium unit

owners' associations"). For example, in *Strauss v. Oyster River Condominium Trust*, 631 N.E.2d 979 (Mass. 1994), which the trial court relied upon in its order, the Supreme Judicial Court of Massachusetts held that the plaintiffs had "no basis for seeking damages for trespass" onto the common area. *Strauss*, 631 N.E.2d at 981. Indeed, in Massachusetts, unlike New Hampshire, condominium associations are granted by statute the exclusive authority to litigate actions involving common areas. *See Bernstein v. Chief Building Inspector*, 754 N.E.2d 133, 136 (Mass. App. Ct. 2001) (interpreting Mass. Gen. Laws Ann. ch. 183A, § 10(b)(4) (West 2003)).

Nevertheless, Massachusetts courts have held that condominium unit owners have standing to assert individual rights, and, specifically, to challenge land use decisions. In *Bernstein*, the plaintiff's status as a unit owner did not bar his challenge of a zoning board decision even though such a decision was "likely to have some similar impact on a condominium's common areas." *Id.* at 137. *Bernstein* distinguished actions involving common areas from "the right independently to litigate issues that affect the use of [an individual] condominium." *Id.* at 136. The Massachusetts Court of Appeals recently concluded that a condominium association's right "to proceed exclusively to protect unit owners' common rights does not prevent individual unit owners from asserting claims relating to their individual rights even though such claims may arise from something that takes place in a common area." *Gordon v. State Building Code Appeals Board*, 872 N.E.2d 794, 800 (Mass. App. Ct.), *review denied*, 877 N.E.2d 599 (Mass. 2007).

▋ Sheepshead relies on a purported contract between itself and the PHC board to argue that the Johnsons were precluded from appealing the planning board decision in their individual capacity. We disagree. It is unclear from the record whether a contract existed in which the PHC board agreed not to oppose Sheepshead's application for a special use permit in exchange for certain consideration. No written agreement appears in the record. The record indicates only that the board voted not to oppose Sheepshead's earlier proposal, for which the requisite variance was denied. Even assuming that such a contract did exist, however, it could not abrogate the standing of individual unit owners as there is no provision in the PHC declaration or bylaws granting the board the authority to contract away the standing rights of individual unit owners.

The Johnsons argue that they enjoy automatic standing as abutters, or, alternatively, that they have standing under the analysis set forth in *Weeks Restaurant Corp. v. City of Dover*, 119 N.H. 541, 545 (1979). We need only address the latter argument, as we agree that the *Weeks* analysis controls and hold that the trial court erred in failing to apply it.

■ Ordinarily, we would remand for application of this analysis. However, when the trial court has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide the issue as a matter of law. *Simpson v. Young*, 153 N.H. 471, 474 (2006). Here, a reasonable fact finder necessarily would conclude that the *Weeks* factors confer standing upon the Johnsons, and we therefore find standing as a matter of law.

■■ Pursuant to RSA 677:15, I (Supp. 2007), "persons aggrieved" by a planning board decision have standing to file a petition for review of that decision in the superior court. Consistent with *Weeks*, a litigant must have a direct definite interest in the outcome of the proceedings to be considered a person aggrieved. *Joyce*, 156 N.H. at 528. Whether a person's interest in the planning board's decision is sufficiently direct and definite to bestow standing is a factual determination. *Id.* at 529. In making this determination, the court may consider the factors first articulated in *Weeks*: the proximity of the plaintiff's property to the site for which approval is sought; the type of change proposed; the immediacy of the injury claimed; and the plaintiff's participation in the administrative hearings. *Id.* at 529.

In *Thomas v. Town of Hooksett*, 153 N.H. 717 (2006), we decided the issue of standing upon facts similar to those in this case. There, the owners of an existing gas station challenged a zoning board of adjustment (ZBA) decision overturning the revocation of a building permit that would have allowed the construction of a competing station. *Id.* at 720. The ZBA also granted the prospective builder variances from two zoning ordinance provisions that prohibited the building of new gas stations within the town's Groundwater Conservation District or within one thousand feet of an existing station. *Id.* at 719-20. We upheld the trial court's determination that the petitioners had standing as their property was located within one thousand feet of the property subject to the ZBA decision, both properties were located within a conservation district, and the petitioners had participated extensively in the ZBA proceedings. *Id.* at 721.

■ Based upon application of the *Weeks* factors, the facts in this case confer standing upon the Johnsons as a matter of law. The Johnsons' unit is approximately two hundred feet from Sheepshead's parcel and less than five hundred feet from the proposed structure. Thus, proximity weighs in favor of standing. Second, the proposed change is a significant one. The Johnsons assert that the planning board failed to apply the proper standard in determining whether to grant the special use permit, and that its approval here is a significant deviation from the treatment of prior applications to build within the conservation district. According to the Johnsons, the planning board has repeatedly denied applications for much

smaller structures that encroach much less upon the district on the basis of wetland protection. The proposed structure will create a significantly larger footprint and is located closer to the property line than the current structure. The Johnsons' unit is situated at the head of a path that runs along the stone wall common boundary with Sheepshead's parcel and leads to a small beach and waterfront which they frequently use. Finally, the Johnsons participated actively in the planning board hearing.

Accordingly, we hold that the Johnsons have standing to appeal the planning board's decision.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.