**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0285, <u>Robert T. Bevill v. Town of Merrimack</u>, the court on September 24, 2015, issued the following order:**

Having considered the briefs, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Robert T. Bevill, appeals orders of the Superior Court (<u>Colburn</u>, J.) dismissing his claims against the respondent, the Town of Merrimack (town). The petitioner contends that the trial court erred by dismissing: (1) as moot his "appeal of the [zoning board of adjustment (ZBA)] and Planning Board's decisions pertaining to the firearms home occupation approval" for his abutter; and (2) as untimely his request that the trial court "review all previously granted firearms-related home occupation [applications] without a proper zoning variance." The petitioner further contends that: (1) "the Town may not represent that a previous administrative decision from 19 years prior allows for a current firearms business application to be compatible with the current definition of a home occupation when there is no memorialization of that decision"; (2) "if a business is intended to be allowed in a residential district, it should be specifically provided for in the ordinance"; and (3) "lack of ambiguity in an ordinance precludes the application of the administrative gloss doctrine."

At the outset, we decline the petitioner's invitation to strike the town's memorandum of law pursuant to Supreme Court Rule 16.

We first address the issue of mootness. Generally, a matter is moot when it no longer presents a justiciable controversy because the issues involved have become academic or dead. <u>Appeal of Hinsdale Fed. of Teachers</u>, 133 N.H. 272, 276 (1990). The question of mootness is not subject to rigid rules, but is regarded as one of convenience and discretion. <u>State v. Carter</u>, 167 N.H. 161, 164 (2014). Usually, an issue that has already been resolved is not entitled to judicial intervention, unless: the question is capable of repetition, yet evades judicial review or involves a pressing public interest, <u>Hinsdale Fed. of Teachers</u>, 133 N.H. at 276; or a decision will avoid future litigation, <u>Batchelder v. Town of Plymouth Zoning Bd. of Adjustment</u>, 160 N.H. 253, 255-56 (2010).

Although the application for a home occupation at issue has been withdrawn, the petitioner argues that the issue is capable of repetition, but evades review. <u>See</u>, <u>e.g.</u>, <u>Carter</u>, 167 N.H. at 164-65 (stating pre-indictment

discovery issues are capable of repetition, yet evading review because subsequent indictment normally takes far less time than appeal); Fischer v. Superintendent, Strafford County House of Corrections, 163 N.H. 515, 518 (2012) (stating pre-conviction bail issues are capable of repetition, yet evading review because decisions regarding pre-trial detention may not be reached until shortly before trial, at which point value of pre-trial release has been almost entirely lost).  He contends that an applicant can apply for approval from the town to conduct a firearms business as a home occupation, obtain a federal firearms license by representing that the applicant is conforming with local ordinances, and then withdraw his application for a home occupation.  While this is conceivable, we conclude that it would not evade review.  Under these conditions, an abutter could seek to enforce the ordinance.  See RSA 676:15-17-b (2008 & Supp. 2014).  The petitioner points to nothing in the record to support his assertion that "[t]he Town has already admitted that it will not enforce its zoning laws."

The petitioner argues that this case raises issues of pressing public interest:  (1) whether "a town administrator may misrepresent the existence of previous administrative determinations"; (2) whether "that misrepresentation renders the planning board's authority inert in determining whether a firearms related business was a proper usage of the home occupation ordinance"; (3) whether municipal estoppel applies; and (4) how "to resolve the abuse of the administrative gloss doctrine."  Until an applicant applies to conduct a firearms business as a home occupation, these issues do not constitute matters of pressing public interest.

To the extent that the petitioner argues that addressing his claims may avoid future litigation because his abutter "intended to reapply for his home occupation permit in the future and . . . the petitioner could challenge that future litigation," we conclude that such projected litigation is speculative and any litigation that does occur may involve different issues.  Accordingly, we conclude that the petitioner's claims are moot.

We next address the dismissal of the petitioner's prayer that the trial court review all previously approved "firearms-related" home occupations.  Assuming, without deciding, that the petitioner has standing to challenge each of the prior applications, but see Goldstein v. Town of Bedford, 154 N.H. 393, 395-96 (2006); Nautilus of Exeter v. Town of Exeter, 139 N.H. 450, 452 (1995), we agree with the trial court that his request to review the applications is untimely.  The trial court found, and the petitioner does not contest, that the most recent of these approvals was issued in August 2010.  See RSA 676:5, I (2008) (providing appeals to ZBA "shall be taken within reasonable time, as provided by the rules of the board").

The petitioner argues that the trial court should have applied the doctrine of equitable tolling to relieve him of his failure to seek review of these approvals in a reasonable time.  Equitable tolling, which allows a plaintiff to initiate an action

beyond the statute of limitations deadline, is typically available only if the claimant was prevented in some extraordinary way from exercising his rights. Portsmouth Country Club v. Town of Greenland, 152 N.H. 617, 623 (2005). It applies principally if the plaintiff is actively misled by the defendant about the cause of action. Id.

We review the trial court's decision regarding equitable relief for an unsustainable exercise of discretion. Conant v. O'Meara, 167 N.H. ___, ___, 117 A.3d 692, 697 (2015). To show that the trial court's decision is not sustainable, the petitioner must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. State v. Lambert, 147 N.H. 295, 296 (2001).

Although the home occupation approvals that the petitioner wished the trial court to review were matters of public record, he argues that "it is unreasonable to expect [him] to inquire repeatedly with Town Hall for administratively-approved home occupations." See Portsmouth Country Club, 152 N.H. at 624 (stating party attempting to invoke equitable tolling will be held to duty of reasonable inquiry). Although the petitioner argues that the home occupations were approved without a public hearing, he does not contend that this violated the town's ordinance. Nor does he argue that he was prevented in some extraordinary way from exercising his rights or that the town actively misled him about his cause of action. We conclude that this record did not compel the trial court to provide equitable relief.

Because we conclude that the petitioner's actions were either moot or untimely, we do not address his other arguments. Because the petitioner has not prevailed in this appeal, we deny the request in his brief for an award of attorney's fees and costs. See Sup. Ct. R. 23. To the extent that the petitioner's brief raises additional arguments, they are either not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**

3