# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0166, <u>Appeal of Todd McIntire & a.</u>, the court on November 15, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). We affirm.

The petitioner, Tanya McIntire, initially sought review of a decision by the New Hampshire Department of Environmental Services (DES) granting a shoreland impact permit to the respondent, Lake Ave Realty, LLC. She now appeals an order of the New Hampshire Wetlands Council (Council) dismissing her appeal on grounds that she failed to establish standing to bring the appeal and, that even if she had standing, she failed to assert a claim upon which relief may be granted and instead sought review of matters not within the Council's jurisdiction. The Council found that the petitioner lacked standing because she "failed to articulate any personalized injury" and because she was a beneficiary, not a trustee, of a trust that allegedly owns property abutting the respondent's property. The petitioner moved for rehearing, which the Council denied. This appeal followed.

Our standard of review of the Wetlands Council's decision is set forth in RSA 541:13 (2021). RSA 21-O:14, III (2020); <u>Appeal of Lake Sunapee Protective Ass'n</u>, 165 N.H. 119, 124 (2013). Under RSA 541:13, the Wetlands Council's findings of fact "shall be deemed to be prima facie lawful and reasonable." RSA 541:13. The petitioner has the burden of demonstrating that the Wetlands Council's decision was "clearly unreasonable or unlawful." <u>Id</u>. We must uphold the Wetlands Council's decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence before us, "that such order is unjust or unreasonable." <u>Id</u>.

To appeal a decision to the Wetlands Council, the party must be "aggrieved" by the underlying decision. <u>See</u> RSA 21-O:14, I-a(a), III. Persons aggrieved include any person directly affected by the challenged administrative action or proceeding. <u>Golf Course Investors of NH v. Town of Jaffrey</u>, 161 N.H. 675, 680 (2011) (quotations omitted). To be aggrieved, the appealing party must show some direct definite interest in the outcome of the action or proceeding. <u>Id</u>. Standing will not be extended to all persons in the community who might feel that they are aggrieved by a local administrator's decision. <u>Goldstein v. Town of Bedford</u>, 154 N.H. 393, 395 (2006) (quotations omitted).

Additionally, in general "[a] trustee may maintain a proceeding against a third party on behalf of the trust and its beneficiaries," but a trust beneficiary does not have this ability absent limited circumstances that do not apply here. See Restatement (Third) of Trusts § 107, at 102 (2012). Whether a party has sufficient interest in the outcome to have standing is a factual determination in each case. Goldstein, 154 N.H. at 395-96. It is the petitioner's burden to demonstrate that the petitioner has standing. See Joyce v. Town of Weare, 156 N.H. 526, 529-30 (2007). Although the factual findings of the Council regarding standing are deemed prima facie lawful and reasonable, the decision on standing is subject to de novo review when the underlying facts are not in dispute. See RSA 541:13; Town of Jaffrey, 161 N.H. at 680.

Here, although the petitioner addresses the issue of standing in her brief, she fails to: (1) demonstrate how her direct interests will be harmed by DES's decision beyond those of any other member of the community; (2) provide authority demonstrating that, as a beneficiary, she can bring a case on behalf of the trust; or (3) provide a reasoned interpretation of any relevant authority that would otherwise entitle her to relief.[1] Rather, in her brief, the petitioner focuses primarily on the merits of DES's decision to grant a permit to the respondent.

As the appealing party, the petitioner has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the appealed order, the petitioner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. See id. Accordingly, we affirm. To the extent that Todd McIntire has appealed the Council's decision, we reach the same conclusion as to him.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Furthermore, we need not determine whether the petitioner is an "aggrieved party" as an owner of abutting property, because the record does not support the allegation that she owns any such property. In an appendix to the petition to appeal, the petitioner provides a document dated March 21, 2022 purporting to appoint her as trustee of the Barbara L. Sleight Living Trust. The petitioner relies on this document in her reply brief in which she appears to argue that she has standing because she is an "Agent of the Trust" and a "Trustee." In reviewing appeals from an administrative agency, however, we review only the record on appeal, which is limited to "[t]he order sought to be reviewed or enforced, the findings and rulings, or the report on which the order is based, and the pleadings, evidence, and proceedings before the agency." Sup. Ct. R. 10(2); see also RSA 541:14 (2021). Given that the Delegation of Authority was not included in the record on appeal, we decline to consider it.

2