**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0640, <u>Quinton Cepiel & a. v. New Hampshire Interscholastic Athletic Association & a.</u>, the court on June 17, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiffs, Quinton Cepiel and Donald M. Cepiel, Jr., appeal an order of the Superior Court (<u>Kissinger</u>, J.) granting the motion to dismiss filed by the defendants, New Hampshire Interscholastic Athletic Association, Inc. (NHIAA), New Hampshire Department of Education (DOE), and New Hampshire State Board of Education (BOE). We vacate the trial court's order and remand with instructions that the complaint be dismissed for lack of subject matter jurisdiction.

I. <u>Background</u>

The following facts are taken from the trial court's order or are otherwise supported by the record. Quinton was a New Hampshire high school student through the end of the 2021-2022 school year. Quinton is a lacrosse player. From 2017 to 2019, Quinton attended Cardigan Mountain School (CMS). In the fall of 2019, Quinton enrolled at St. Paul's School. Due to the COVID-19 pandemic, the NHIAA cancelled all high school sports for the spring 2020 season. In the fall of 2020, Quinton enrolled at Bishop Guertin High School (BG). In the spring of 2021, Quinton suffered an injury that prevented him from playing lacrosse that season. Quinton played lacrosse for BG during the spring 2022 season.

In early 2022, Donald raised the issue of Quinton's eligibility to play lacrosse at BG during the 2022-2023 school year. BG informed him that it would not certify Quinton for eligibility and would not permit Donald to obtain an eligibility determination from the NHIAA. The NHIAA is a corporation that sponsors, administers, and supervises the conduct of interscholastic athletic competition for most public and private schools in New Hampshire. <u>See</u> <u>Duffley v. N.H. Interschol. Ath. Assoc., Inc.</u>, 122 N.H. 484, 486 (1982). BG explained that the NHIAA's eight-semester rule included Quinton's 9th grade year at CMS and that "neither COVID nor an injury are sufficient grounds for an appeal of the rule."

The NHIAA's eight-semester rule provides: "A student is eligible for competition, whether or not he/she competes in interscholastic athletics, for no more than eight (8) semesters beyond the eighth grade; the eight consecutive semesters rule begins upon the initial enrollment date in ninth grade." The NHIAA also maintains an "age limitation requirement," which provides that "[a] student who has reached the age of 19 on or after September 1st may represent the school in any interscholastic athletic contest during that school year." Only the school principal, on behalf of the student athlete, can request an eligibility waiver from the NHIAA. In the spring of 2022, BG denied the Cepiels' request that Quinton be given the opportunity to apply for an eligibility waiver. For the 2022-2023 academic year, Quinton attended Deerfield Academy in Massachusetts.

In July 2022, the Cepiels sued the NHIAA and BG seeking declaratory and injunctive relief. The complaint alleged that as of July 12, 2022, Quinton was eighteen years old. The Cepiels amended their complaint in September 2022, adding the DOE and the BOE as defendants. The Cepiels subsequently settled all claims against BG.

The plaintiffs' amended complaint raises three counts against the remaining defendants, alleging that they: (1) "delegated to NHIAA, or have permitted NHIAA to be delegated, agency authority, including rule-making authority," in violation of the State Constitution and the New Hampshire Administrative Procedures Act (APA); (2) violated the plaintiffs' due process rights under the State Constitution by denying Quinton an eligibility determination; and (3) violated RSA chapter 356, the antitrust statute.

Each of the defendants moved to dismiss the complaint, variously arguing that: (1) the plaintiffs lacked standing because they had not been harmed by the NHIAA; (2) the NHIAA was not a state agency subject to the APA; and (3) the plaintiffs had failed to state a claim under RSA chapter 356. After a hearing, the trial court "[a]ssum[ed], without deciding, that the Cepiels ha[d] standing to bring Counts I-III," and granted the defendants' motions to dismiss. The plaintiffs unsuccessfully sought reconsideration. This appeal followed.

II. Analysis

On appeal, the plaintiffs argue that the trial court erred by dismissing the plaintiffs': (1) claims that the NHIAA's rules violate the APA and are an unconstitutional delegation of governmental power; (2) complaint to enforce Quinton's constitutional right to a merits-based eligibility hearing; and (3) claim that the NHIAA violated New Hampshire's antitrust law. Although the plaintiffs' notice of appeal references "defendants," their appellate briefs make no arguments concerning the DOE or the BOE. Thus, we confine our review to

their claims against the NHIAA. See In re M.M., 174 N.H. 281, 298 (2021) (declining to address arguments not briefed).

The NHIAA reiterates its argument that the plaintiffs lack standing to challenge the manner in which its bylaws have been adopted or enforced. In response, the plaintiffs argue that Quinton has standing under Teeboom v. City of Nashua, 172 N.H. 301 (2019), because, given that he could not obtain an NHIAA hearing, Quinton "left the jurisdiction and went to another, more expensive school," thereby incurring injuries "far exceed[ing] the $290 that gave rise to standing under Teeboom."

Generally, in ruling upon a motion to dismiss, the trial court must determine whether the allegations contained in the plaintiff's pleading sufficiently establish a basis upon which relief may be granted. Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 736 (2020). However, when a motion to dismiss challenges the plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated his right to claim relief. Id. at 736-37.

The doctrine of standing limits the judicial role, consistent with a system of separated powers, to addressing those matters that are traditionally thought to be capable of resolution through the judicial process. Richard v. Governor, 177 N.H. ___, ___ (2024), 2024 N.H. 53, ¶7. Because standing implicates the court's subject matter jurisdiction, it may be raised at any time in a proceeding. Id. Typically, standing under the New Hampshire Constitution requires parties to have personal legal or equitable rights that are adverse to one another, with regard to an actual, not hypothetical, dispute, which is capable of judicial redress. Id. at ___, 2024 N.H. 53, ¶8. When evaluating whether a party has standing to sue, we focus on whether the party suffered a legal injury against which the law was designed to protect. Id. Neither an abstract interest in ensuring that the State Constitution is observed nor an injury indistinguishable from a generalized wrong allegedly suffered by the public at large is sufficient to constitute a personal, concrete interest. Id. Rather, the party must show that the party's own rights have been or will be directly affected. Id.

Count I of the amended complaint alleges that the NHIAA promulgated rules without complying with procedures set forth in the APA. The amended complaint seeks a declaratory judgment that the "NHIAA's By-Laws, including the 'eight semester rule'" and "its rules restricting access to NHIAA's eligibility decision-making apparatus," violate the APA. The alleged injury to Quinton is that he "has a right to pursue a public education" and that right is "inhibited by NHIAA's illegally promulgated rules."

3

The claims raised in a declaratory judgment action must "be of a nature which will permit an intelligent and useful decision to be made through a decree of a conclusive character." Asmussen v. Comm'r, N.H. Dep't of Safety, 145 N.H. 578, 587 (2000) (quotation omitted). We agree with the NHIAA that Quinton lacks standing under Count I "because a decision in [his] favor will have no impact on any claim for relief." As the NHIAA asserts, even if we were to determine that the NHIAA's bylaws "were the product of an unlawful delegation of authority, or that they were enforced in violation of the APA," it would not change anything for Quinton. Quinton's alleged injury is no longer redressable. As set forth in the amended complaint, Quinton was eighteen years old in September 2022. Therefore, Quinton is no longer eligible to compete in NHIAA-sanctioned events. Because he can no longer receive a remedy that would directly benefit him, he lacks standing to pursue Count I of the complaint. See Joyce v. Town of Weare, 156 N.H. 526, 531 (2007) (explaining that the "requisite personal interest, or standing" must exist at the commencement of litigation and throughout the appeal).

Count II of the amended complaint alleges that the NHIAA's refusal "to hear a determination of Quinn's eligibility . . . or to provide a process by [which] Quinn may assert his eligibility position directly," violated Quinton's right to due process under Part I, Article 14 of the State Constitution. When the amended complaint was filed in September 2022, Count II identified an alleged personal injury — denial of a hearing — and sought relief that at that time could have directly benefitted Quinton: a hearing to determine whether he was eligible to play lacrosse for the 2022-2023 academic year. Accordingly, Quinton initially had standing with respect to his due process claim under Count II. However, subject matter jurisdiction must exist throughout a proceeding, including on appeal. See id. As we explained above, Quinton is barred from competing in NHIAA-sanctioned events. Accordingly, because he is now unable to compete, his claim under Count II is no longer capable of judicial redress.

Finally, the only injuries allegedly caused by the NHIAA's denial of a hearing for Quinton are the denial of the hearing itself and the lost right for Quinton to play lacrosse for the 2022-2023 school year. Thus, because Donald has failed to allege any injury caused by the conduct described in Counts I and II, we conclude that Donald lacks standing with regard to those counts.

Count III of the amended complaint alleges a "[v]iolation of RSA 356." The standing provisions for RSA chapter 356 are statutory in nature. See RSA 356:11 (2022). RSA 356:11, I, provides that "[a]ny person threatened with injury or damage to his business or property by reason of a violation of this chapter may institute an action or proceeding for injunctive relief when and under the same conditions and principles as injunctive relief is granted in

4

other cases." In interpreting this provision, we look to interpretations of the United States' antitrust laws for guidance. RSA 356:14 (2022).

To establish antitrust standing, a plaintiff must demonstrate that his or her injury is of the kind that the antitrust laws were intended to prevent. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977). Quinton's alleged injury — the denial of an opportunity to request a hearing before the NHIAA and the inability to play another year of interscholastic sports — is not an injury to his business or property, and is therefore insufficient to confer standing. See RSA 356:11, I. Moreover, to the extent the amended complaint alleges that "Don and Quinn's family" incurred a "substantial cost" based on their decision to enroll Quinton at a boarding school in Massachusetts in response to Quinton's adverse eligibility determination, we conclude that such an indirect and speculative injury is insufficient to confer antitrust standing. See Associated General Contractors v. Carpenters, 459 U.S. 519, 545-46 (1983) (describing the factors courts use to determine whether an alleged violation rises to an antitrust injury). Therefore, because the plaintiffs have failed to allege an injury that would give rise to antitrust standing, they have failed to satisfy RSA 356:11.

We conclude that Quinton and Donald lack standing to bring Counts I-III of the amended complaint. Accordingly, we vacate the trial court's ruling on the merits of those claims and remand with instructions that they be dismissed for lack of subject matter jurisdiction. Richard, 177 N.H. at ___, 2024 N.H. 54, ¶24 (explaining that a decision rendered by a court without subject matter jurisdiction is void).

Vacated and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**