NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
Case No. 2022-0407
Citation: Doe v. Salem Police Dep't (Off-duty Speeding), 2024 N.H. 54

JOHN DOE

v.

SALEM POLICE DEPARTMENT & a.
(Off-duty Speeding)

Argued: May 16, 2024
Opinion Issued: October 2, 2024

Milner & Krupski, PLLC, of Concord (Marc G. Beaudoin and John S. Krupski on the brief, and Marc G. Beaudoin orally), for the plaintiff.

John M. Formella, attorney general, and Anthony J. Galdieri, solicitor general (Brandon F. Chase, assistant attorney general, and Samuel R.V. Garland, senior assistant attorney general, on the brief, and Mary A. Triick orally), for defendant New Hampshire Attorney General's Office.

Upton & Hatfield, LLP, of Concord (Michael P. Courtney), for defendant Town of Salem Police Department, filed no brief.

DONOVAN, J.

[¶1] The plaintiff, John Doe, appeals an order of the Superior Court (Ruoff, J.) dismissing his complaint against the Salem Police Department (SPD) and the New Hampshire Attorney General's Office, also known as the New Hampshire Department of Justice (DOJ), seeking declaratory judgment that his name is not appropriate for inclusion on the Exculpatory Evidence Schedule (EES) and injunctive relief to remove his name from the EES. See RSA 105:13-d (2023). The plaintiff argues that the trial court erred in ruling that an off-duty incident that occurred over ten years ago is "potentially exculpatory evidence." RSA 105:13-d, I. We conclude that the plaintiff's conduct is not "potentially exculpatory evidence," and, therefore, his removal from the EES is warranted. Accordingly, we reverse and remand.

I. Facts

[¶2] We derive the following facts from the plaintiff's complaint and accompanying documentation. See Barufaldi v. City of Dover, 175 N.H. 424, 425 (2022). More than ten years ago, the plaintiff, a police officer for the Town of Salem (Town), was off duty when he drove his vehicle on Route 28 past another SPD officer. The plaintiff was traveling at a speed of sixty-two miles per hour in a thirty-mile-per-hour speed limit zone. The officer attempted to stop the plaintiff's vehicle, but the plaintiff refused to pull over and continued on Route 28, avoiding spike strips deployed by another officer who attempted to stop him. The plaintiff eventually pulled into a parking lot, stopped his vehicle, and "laughed it off as a joke" when he spoke with the other officers. He viewed the incident as part of an "ongoing prank" within the SPD.

[¶3] A subsequent internal investigation resulted in a finding that the plaintiff had violated the SPD's code of conduct for "Conduct Unbecoming an Employee." Through his union, the plaintiff entered into a negotiated disposition with the SPD pursuant to which he agreed to: (1) take full responsibility "for a temporary lack of judgment"; (2) waive "any/all hearings and time constraints and the grievance process afforded under the [collective bargaining agreement]"; and (3) accept a one-day unpaid suspension. In exchange, the SPD agreed that there would be "no further action against [the plaintiff] in regards to the incident in question as far as enforcement into any alleged [motor vehicle] violations or additional punishment."

[¶4] Years later, following a third-party audit of the SPD, the DOJ requested a copy of the internal investigation report regarding the plaintiff's conduct and requested that the plaintiff's name be added to the EES. The Town's administrative police chief reviewed the internal investigation and informed the plaintiff that "the sustained finding means placement on the EES may be necessary and appropriate." The plaintiff and his counsel subsequently met with the administrative police chief and the Town's counsel to discuss the

2

issue.  After the meeting, the administrative police chief referred the plaintiff's name to the DOJ for inclusion on the EES.  The plaintiff requested that the DOJ remove his name from the EES, citing a sealed order issued by the Superior Court (St. Hilaire, J.) in a separate matter in which the court determined that the information in the plaintiff's personnel file "does not contain Brady/Giglio material and therefor[e] shall not be subject to disclosure in this or any future litigation."  See Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 154 (1972).  However, the DOJ denied the plaintiff's request, reasoning that "the sustained disciplinary finding against [the plaintiff] was not overturned."

[¶5] In addition to adding the plaintiff's name to the EES, the DOJ charged the plaintiff with one count of Reckless Conduct with a Deadly Weapon, see RSA 631:3, II (Supp. 2023), and one count of Disobeying a Police Officer, see RSA 265:4 (2024).  However, the DOJ later entered nolle prosequi on the two criminal charges, and the plaintiff instead pled guilty to a speeding violation.  Thereafter, the Superior Court (St. Hilaire, J.) issued an order annulling the record of arrest and disposition of the reckless conduct and disobeying a police officer charges.  See RSA 651:5 (Supp. 2023).

[¶6] In 2021, the plaintiff filed a complaint in superior court seeking: (1) a declaration that RSA 105:13-d provides for de novo review of the underlying facts and circumstances that led to his placement on the EES and a declaration that his name "is not appropriate for inclusion on the EES"; (2) a permanent injunction ordering the DOJ to remove his name from the EES; and (3) a declaration that his due process rights under the State and Federal Constitutions had been violated when his name was added to the EES without a meaningful opportunity to object.  The DOJ moved to dismiss the complaint, arguing that the plaintiff was not entitled to a de novo review of the underlying incident and that his conduct is "potentially exculpatory" under RSA 105:13-d as a matter of law.  The DOJ also argued that the plaintiff failed to establish a viable due process violation and failed to allege any substantive basis for injunctive relief.

[¶7] The trial court granted the DOJ's motion to dismiss.  Regarding the plaintiff's request for declaratory judgment, the trial court determined that, because the relevant facts are "well-documented" and "not in dispute," an evidentiary hearing was unnecessary.  The trial court then addressed the parties' arguments regarding the term "potentially exculpatory," explaining that "the plain language of the statute seemingly establishes a low threshold for inclusion on the EES."  The court reasoned that "the Legislature, by virtue of utilizing the phrase 'potentially exculpatory,' sought to capture a wide variety of conduct and gave the DOJ discretion to include officers who have engaged in such conduct on the EES."  The court then concluded that "if [the plaintiff's] personnel file includes information that has the possibility of being materially relevant to the issue of guilt or punishment, his inclusion on the EES is

warranted." Applying this standard, the court ruled that the plaintiff's conduct "is 'potentially exculpatory' within the contemplation" of RSA 105:13-d because the plaintiff's actions "constituted a dereliction of his duty" and a "conscious disregard for law and order."

[¶8] The trial court also dismissed the plaintiff's remaining counts, concluding that the plaintiff had received constitutionally adequate due process both when the SPD initially took disciplinary action against him and when he was later added to the EES. Concluding that the plaintiff was "not likely to succeed on the merits of his claims," the trial court also dismissed the plaintiff's request for injunctive relief.

[¶9] The plaintiff filed a motion for reconsideration, maintaining among other arguments that his prior conduct was not so severe that its disclosure would affect his general credibility and therefore is not "potentially exculpatory evidence" under RSA 105:13-d. The DOJ objected, arguing that the trial court properly determined that the plaintiff's "conscious disregard for law and order" warranted his inclusion on the EES. (Quotation omitted.) The trial court agreed with the DOJ and denied the plaintiff's motion. This appeal followed.

## II. Analysis

[¶10] When reviewing a trial court's ruling on a motion to dismiss, we consider whether the allegations in the pleadings are reasonably susceptible of a construction that would permit recovery. N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice, 173 N.H. 648, 652 (2020). We engage in a threshold inquiry that tests the facts in the complaint against the applicable law. Id. We will uphold the granting of a motion to dismiss if the facts pled do not constitute a basis for legal relief. Barufaldi, 175 N.H. at 427.

[¶11] RSA 105:13-d, I, provides:

The [DOJ] may voluntarily maintain an [EES]. The [EES] shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence. Subject to the provisions of this section, the [EES] may be maintained by the [DOJ] and shall be a public record subject to RSA 91-A.

The statute further provides that an officer may challenge his or her placement on the EES in superior court, and "the individual's name and corresponding information will become public" unless "a court issues an order finding that the underlying misconduct is not potentially exculpatory" or "[a] court issues an order finding that the law enforcement agency erred in recommending that the officer be placed on the [EES]." RSA 105:13-d, II(a)-(d).

4

[¶12]  Recently, in Doe v. N.H. Attorney General (Activity Logs), we discussed the background of the EES and examined the meaning and scope of the term "potentially exculpatory" within the context of RSA 105:13-d.  Doe v. N.H. Attorney Gen. (Activity Logs), ___ N.H. ___ (2024), 2024 N.H. 50, ¶¶7-12, 15-20.  We held that "potentially exculpatory evidence," RSA 105:13-d, I, is evidence, including impeachment evidence, that is "reasonably capable of being material to guilt or to punishment."  Doe (Activity Logs), ___ N.H. at ___, 2024 N.H. 50, ¶18.  In reaching our conclusion, we explained that the considerations bearing upon the admissibility of evidence are relevant to the determination of whether information is "potentially exculpatory" such that an officer's inclusion on the EES is warranted.  Id. at ___, 2024 N.H. 50, ¶20.

[¶13]  The present appeal requires that we apply this definition of "potentially exculpatory" to determine whether the trial court erred in determining that the plaintiff's conduct warrants his inclusion on the EES.  Therefore, the issue before us is whether the plaintiff's conduct rises to the level of being "potentially exculpatory evidence" as contemplated by RSA 105:13-d, I.

[¶14]  The plaintiff argues that his conduct does not rise to that level because it is not sufficiently probative of his general credibility and is stale.  He claims that his off-duty conduct was the result of a "practical joke" or "prank" that did not involve any dishonesty.  He also maintains that he was "completely forthright and honest" during the SPD internal investigation, and that he accepted "responsibility for his actions."  He further asserts that the trial court erred when it failed to consider that his conduct would not be admissible at trial as character evidence, see N.H. R. Ev. 404(b), or to impeach his character for truthfulness, see N.H. R. Ev. 608(b).  In addition, the plaintiff argues that the trial court erred in failing to consider that the two criminal charges were nolle prossed and that the charges and their disposition, together with the record of the plaintiff's arrest, were annulled.

[¶15]  The DOJ responds that the plaintiff's "intentional conduct speaks to [his] general character and has the potential to be exculpatory in a future criminal case where [his] disciplinary record, character, or judgment is called into question."  The DOJ argues that regardless of whether information relating to the plaintiff's conduct would be admissible, such information, if disclosed, "may aid defense counsel in pursuing a particular defense strategy or line of questioning."  Further, it asserts that it is "not difficult to envision the types of cases in which knowledge of [the plaintiff's] past misconduct would prove beneficial to impeach his credibility."

[¶16]  We agree with the plaintiff that, pursuant to the definition set forth in Doe, his conduct is not "potentially exculpatory evidence" and therefore does not meet the standard for inclusion on the EES.  See Doe (Activity Logs), ___ N.H. at ___, 2024 N.H. 50, ¶18.  The plaintiff's conduct is not reasonably

capable of being material to guilt or to innocence because it is not relevant to his general credibility and is stale.

[¶17] As an initial matter, the DOJ correctly states that neither the New Hampshire Rules of Evidence nor the related admissibility inquiry defines the obligation to disclose exculpatory evidence. Although the question of whether evidence is "potentially exculpatory" is separate from the question of whether that evidence would be admissible in a criminal proceeding, the admissibility of evidence factors into the determination of whether information in an officer's personnel file warrants his or her inclusion on the EES. Id. at ___, 2024 N.H. 50, ¶20.

[¶18] The plaintiff asserts, and we agree, that this case is factually similar to Duchesne v. Hillsborough County Attorney, 167 N.H. 774 (2015). In Duchesne, we considered whether the plaintiffs' involvement in an off-duty incident of alleged excessive use of force warranted their placement on what was then known as the "Laurie List."[1] Duchesne, 167 N.H. at 775, 784. We reasoned that because the excessive use of force claim did not allege that the plaintiffs attempted to lie about or cover up their conduct, it would not be admissible to impeach the plaintiffs' general credibility, see N.H. R. Ev. 608(b), nor would it be admissible to show their propensity to engage in such conduct, see N.H. R. Ev. 404(b). Duchesne, 167 N.H. at 784. Although our conclusion was not based solely upon the admissibility at trial of evidence of the plaintiffs' conduct, we explained that "the fact that adverse information regarding a police officer's background is not of the type usually admissible to attack the officer's general credibility has a strong bearing on the propriety of maintaining the officer's name" on the "Laurie List." Id.

[¶19] Relying on our analysis in Duchesne, the plaintiff maintains that we should consider, among other factors, the age and nature of the conduct to determine whether it is "potentially exculpatory," RSA 105:13-d, I. In Doe, we explained that trial courts should consider factors such as the age and nature of the alleged conduct when determining whether that conduct warrants an officer's inclusion on the EES. See Doe (Activity Logs), ___ N.H. at ___, 2024 N.H. 50, ¶¶20, 22. There, we acknowledged that if there is no reasonably foreseeable case in which evidence relating to an officer's conduct would be admissible, due to the passage of a significant length of time or some other factor weighing on the conduct's relevance, an officer's inclusion on the EES would not be warranted. Id. at ___, 2024 N.H. 50, ¶20.

---

[1] Prior to the DOJ's maintenance of the state-wide EES, see RSA 105:13-d, I (2023), county attorneys were responsible for maintaining county-wide "Laurie Lists" of police officers with potentially exculpatory information in their personnel files or elsewhere. See N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice, 173 N.H. 648, 651, 653-54 (2020); Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 779-80 (2015).

[¶20] Here, the SPD determined that the plaintiff violated the department's code of conduct for "Conduct Unbecoming an Employee," which it defined as "[a]ny violation of the rules and regulations, published orders, directives, memoranda, or any lawful order, or any act which [tends] to undermine the good order, efficiency and discipline of the Department, or which reflects discredit upon the Department [or] any member thereof." Indeed, the plaintiff acknowledged in his complaint that he accepted full responsibility for "a temporary lack in judgment" as part of his negotiated disposition with the SPD. However, aside from this apparent lack of judgment, nothing in the complaint or accompanying documentation suggests that the plaintiff acted dishonestly or attempted to conceal his conduct. Therefore, without more, information regarding the plaintiff's conduct would not be admissible to impeach his character for truthfulness or untruthfulness. See N.H. R. Ev. 608(b).

[¶21] Moreover, we agree with the plaintiff that the age of the conduct at issue here diminishes its potential relevance. The record reflects that the conduct is over ten years old, the plaintiff accepted responsibility for the incident, and his discipline was resolved by an agreement with the SPD. After reaching the agreement, the plaintiff continued his employment with the SPD without any other disciplinary action, and he was subsequently promoted to the position of sergeant. We agree with the plaintiff that the age of the information diminishes its relevance in cases in which he may be called as a witness.

[¶22] The plaintiff also contends that the trial court erred when it failed to consider that the DOJ entered nolle prosequi on the two criminal charges brought against him and that his criminal case has since been annulled. The plaintiff's case again presents similarities to the circumstances in Duchesne. In Duchesne, our conclusion relied in part upon the fact that, despite the plaintiffs' initial discipline by their police chief for their alleged excessive use of force, the chief's decision was overturned by an arbitrator following a hearing, and the attorney general also concluded that the plaintiffs' use of force was justified. Duchesne, 167 N.H. at 784-85. We reasoned that "[i]t makes no sense that the threshold determination — that something was thought to be potentially exculpatory and worthy of an in camera review by the court, but has now been shown not to be of that character — should follow the [plaintiffs] every time they appear as witnesses." Id. at 785.

[¶23] In the case at hand, the plaintiff accepted the findings of the SPD's internal investigation and entered into an agreement through his union with the SPD in which he accepted responsibility for his conduct in exchange for the SPD's promise that it would take no further action. Years later, the DOJ charged the plaintiff with two counts of criminal conduct relating to the incident, but those charges were nolle prossed, and the plaintiff instead pled guilty to a speeding violation. Because a violation-level offense is not a crime,

7

see RSA 625:9, II(b) (2016), the plaintiff was never convicted of any criminal charges relating to his conduct.  Furthermore, the trial court annulled the record relating to the two criminal charges in 2022.  Although the SPD's finding that the plaintiff violated the department's code of conduct has not been overturned, for reasons previously discussed, we are unpersuaded that the information leading to the SPD's finding of "Conduct Unbecoming an Employee," without more, is reasonably capable of being material to guilt or to innocence.  See Doe (Activity Logs), ___ N.H. ___, 2024 N.H. 50, ¶18.

[¶24]  Therefore, we conclude that the plaintiff's conduct is not reasonably capable of being material to guilt or to innocence because it is stale and does not reflect negatively on his character and credibility, cf. State v. Laurie, 139 N.H. 325, 327 (1995), and because his criminal charges were nolle prossed and annulled.  Accordingly, we hold as a matter of law that the information in his personnel file is not "potentially exculpatory evidence," RSA 105:13-d, I.  In light of this ruling, we need not address the plaintiff's remaining arguments.  For the reasons stated above, we reverse the trial court's order granting the DOJ's motion to dismiss and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BASSETT and COUNTWAY, JJ., concurred.